IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HAYDEN L. LIMES,

    Plaintiff,

v.

UNKNOWN PARTY, EFFINGHAM
POLICE DEPARTMENT, and
CHIEF LOY,

    Defendants.

Case No. 3:24-CV-01746-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Before the Court is a Motion for Leave to Proceed *in forma pauperis* filed by Plaintiff Hayden L. Limes (Doc. 4). Having reviewed Limes's complaint and evidence of his financial situation, his motion is now ripe for ruling. For the following reasons, the motion is denied, and his complaint will be dismissed.

    Under 28 U.S.C. § 1915(a)(1), an indigent party may commence a federal court action without paying the required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed *in forma pauperis*; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). Here, Limes states that he earns no income and has no

checking or savings accounts. (Doc. 4 at p. 2, 3). When he filed his motion to proceed *in forma pauperis*, Limes was detained at the Marion County Jail, although it is unclear if he is still there. He provided a statement from his prison trust fund account, which shows a balance of $0.16. *Id.* at 7. The Court thus finds that Limes is indigent under 28 U.S.C. § 1915(a)(1) and satisfies this step of the Section 1915(a)(1) inquiry.

But that does not end the inquiry. Under Section 1915(e)(2), the Court must then screen the indigent plaintiff's complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion to proceed *in forma pauperis* requires the undersigned to review the allegations of the amended complaint.

In reviewing the amended complaint, the undersigned is aware that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403

(7th Cir. 2010). "[I]nstead that the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

After reviewing the amended complaint, it is apparent that Limes does not have a viable claim for relief against the Effingham Police Department, the Effingham Chief of Police who is only identified by the name "Loy," or an unknown person who worked as a dispatcher the Effingham Police Department (the named Defendants in this case). Limes alleges that on March 9, 2024, his landlord threatened to throw him out of his home. (Doc. 3 at p. 6). He called the Effingham Police Department for assistance because he believed his landlord had "no legal grounds" to evict him. The dispatcher allegedly told him to wait for an officer to call back and hung up the phone. Chief Loy called Limes back and allegedly got "angry" with him when Limes asked for police assistance to stop his landlord from throwing him out. Chief Loy allegedly said he was "sick of [Limes's] shit" and hung up.

At some point after Limes spoke to Chief Loy, Limes's landlord showed up. The landlord allegedly "stole [Limes's] belongings," "broke [his] furniture," and threw his things in a dumpster. When the police arrived, they allegedly "watched until everything was broke or thrown out then stated landlord had to stop, and [Limes] could move back in." After that, the police left.

Limes cites no federal or state law that Defendants allegedly violated, nor does he offer a coherent theory of liability that would allow the Court to evaluate its legal merits. As far as the Court can tell, Limes is dissatisfied with Defendants' inaction in the face of his landlord's attempted eviction. But Defendants did nothing to violate one or more of

Limes's legal rights. The complaint identifies Defendants as bystanders to an altercation between Limes and his landlord. While that may have been frustrating to Limes, he offers no allegation that his rights were violated *by the Defendants*. *See Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) ("[M]ere inactivity by police does not give rise to a constitutional claim."); *Greco v. Guss*, 775 F.2d 161, 165 n.2, 167 (7th Cir. 1985) (defining "state causation" as "that the deprivation be caused by something attributable to the state or by someone for whom the state is responsible").

This case shares critical similarities with the Seventh Circuit's decision in *Parker v. Capital One Auto Finance, Inc.*, 729 F. App'x 482 (7th Cir. 2018). There, the plaintiff called the Indianapolis Police Department and asked it to intervene as her car was being repossessed. *Id.* at 482-83. The officers allegedly told the plaintiff that the person who took her car had the "right" to do so and refused to help her retrieve it. *Id.* at 482. The plaintiff even alleged that the officers "ordered" her to "relinquish ownership of her vehicle." *Id.* at 483. The plaintiff advanced a due process claim under the Fourteenth Amendment, which the Seventh Circuit framed as an attempt to "hold the officers liable for doing nothing beyond refusing to help her retrieve her car." *Id.* at 484. But on this theory, the plaintiff had failed to offer an allegation of state action, without which, she did not have a viable constitutional claim. *Id.*

Limes's complaint suffers from the same deficiency identified in *Parker*. He called the police to intervene against his landlord's effort to evict him. Because the responding officers did not do so—or did not do so to his satisfaction—Limes claims that their inaction deprived him of a legal right (although it is unclear which right was allegedly

violated). Limes "does not have a constitutional right to have the police investigate his case . . ., still less to do so to his level of satisfaction." *Rossi*, 790 F.3d at 735. And because Limes alleges only that Defendants did not do enough to protect him and his belongings, Limes has failed to state a cognizable claim against them.

The Court ordinarily offers pro se plaintiffs leave to amend their complaint at least once. But here, the Court is satisfied that no set of facts would permit a viable action against Defendants based on this occurrence. This is so because Plaintiff has accused Defendants of being passive bystanders to a private matter between him and his landlord. Considering the nature of this claim, amendment of the complaint would be futile.

For these reasons, the Complaint filed by Plaintiff Hayden L. Limes (Doc. 3) is **DISMISSED with prejudice**. Limes's Motion for Leave to Proceed *in forma pauperis* (Doc. 4) is **DENIED**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

DATED:  May 27, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**